HALL *v.* WALKER.

4-3989

Opinion delivered October 14, 1935.

*Gladish & Young,* for appellant.
*Holland & Barham,* for appellee.

McHANEY, J. This is an action in replevin brought by appellant against appellee to recover some second-hand machinery. It originated in the municipal court of Blytheville on December 12, 1934, where appellant failed to recover. He appealed it to the circuit court with like result, and the case is now here by appeal, and the same result must follow. The facts are as follows: In the fall of 1927, appellant leased three acres of land, adjacent to Osceola, from Mrs. Jessie Driver for a period of three years, and placed certain machinery thereon for the purpose of operating a sawmill, at an annual rental of $100 per year. After occupying the property three or four months, the lease was terminated early in January, 1928, by mutual consent, appellant paying Mrs. Driver $150 to be released therefrom. At that time, or shortly thereafter, a large portion of the sawmill machinery was removed from the land. The machinery involved in this litigation, consisting of two second-hand planers and a cut-off saw frame, was not removed but was left on the property belonging to Mrs. Driver, although she repeatedly requested him to move same. It remained undisturbed until in the summer of 1933, when she sold same to

appellee for a price, as she remembers, of $25, but as appellee says only $15. Both she and appellee considered the property practically valueless except for junk. The circuit court held that appellant could not recover the property because the proof showed that he had abandoned same and that he was barred by limitations.

As was said in *Hughes* v. *Cordell*, 174 Ark. 757, 296 S. W. 735: "The first question presented is one of fact as to whether there had been an actual abandonment of the lease in controversy. As to whether or not there has been an abandonment as a matter of fact, in any given case, is largely a question of intent to be determined, to be sure, by the conduct of the party charged with the abandonment." In other words, this question is one of fact. The case was tried before the circuit court sitting as a jury, and if there is any substantial evidence to support the judgment it must be affirmed just the same as if tried by a jury. The evidence shows, as above stated, that the lease was canceled early in January, 1928. Appellant admits that he had no agreement with Mrs. Driver by which he was permitted to leave the property on the leased premises, and he further admits that Mrs. Driver requested him to move the property from her premises, which he failed to do for more than five years, and only when he discovered that it had been removed and was in the possession of appellee did he take any action regarding same. This is substantial evidence to support the court's finding that appellant had abandoned the property. This being true, the judgment must be sustained, and it becomes unnecessary to discuss the question of the statute of limitations.

No error appearing, the judgment must be affirmed.